STATE, APPELLEE, *v.* GILFETHER, APPELLANT.

Ohio Appeals, Ninth District, Lorain County.

No. 1534. Decided January 10, 1962.

*Mr. Roy A. West*, for appellee.
*Messrs. Brouse, McDowell, May, Bierce & Wortman*, and *Mr. Harry F. Butler*, for appellant.

HUNSICKER, J. On August 9, 1961, Robert Gilfether was found guilty of an offense charged in an affidavit filed in the Municipal Court of Elyria, Ohio, which says that:

"* * * on or about the 18th day of June, 1961, at the [city of Elyria], County of Lorain, one Robert Gilfether unlawfully did suffer or permit a building or place to be open for transaction of business on Sunday, said transaction of business not being within the exception prescribed by law, at East Broad Street and Williams Street, contrary to and in violation of statute of the State of Ohio, number 3773.24.''

The statute which is the basis for the charge against Robert Gilfether is known generally as the ''Sunday Closing Law.'' Mr. Gilfether, as the manager of a Lawson Store in the city of Elyria, opened the store for business on Sunday, the 18th of June, and sold to his customers various items of food, such as bread, rolls, cheese, milk, cream, ice cream, cottage cheese, beverages such as pop and orangeade, and other soft drinks. Charcoal and film for cameras were also offered for sale.

All other salable items were either covered, or designated with a sign saying they were not for sale on Sunday.

Before any of the items were sold to a customer, such customer was required to sign a form, which was as follows:

"Jun 18 1961
"Sunday Blue Law Purchase Form

"I certify that my Sunday purchase(s) at Lawson's will be used in connection with (Check one or more):

"......Entertainment          ......Travel

"......Recreation             ......Amusements

"......Sports                 ......Necessity (milk)

"Signature ........................................

"Address .........................................."

Each customer was required, before he could complete his purchase, to designate, in the appropriate place on the form, the reason for the purchase. Several of the customers testified at the trial that they purchased the items because of an emergency arising on Sunday, June 18, 1961, because of the unexpected arrival of relatives or friends at meal time, or because they lacked milk for their children, who used such beverage as a food. A customer also testified that she purchased potato chips and pretzels to take on a swimming party she attended on Sunday, having been invited on that day, Sunday.

Persons who refused to fill out the form set out above were refused merchandise that was for sale that day.

The evidence is that cows must be milked each day, and the milk thus produced is required to be immediately refrigerated, either by the farmer-producer or the dairy company. Much of the milk is delivered daily to the dairy plant for processing, and then delivered to the stores for sale to the general public. The Lawson Milk Co. does not have sufficient storage capacity to store in its milk processing plant the 85,000 to 93,000 gallons received daily. The daily turnover must be maintained to prevent a deterioration in the milk. The normal allowable holding period is two days. Milk, as a food, must be protected and consumed rather quickly after its production.

Many of the other products handled by Mr. Gilfether must also be refrigerated. All persons who bought milk or milk

products on this June 18th indicated on the form that they did so by reason of necessity.

From the judgment of guilty, Robert Gilfether appeals to this court, saying:

"1. The judgment of the court is not supported by sufficient evidence and is contrary to law.

"2. The state did not prove the guilt of the defendant beyond a reasonable doubt.

"3. The court erred in finding that defendant failed to prove by a preponderance of the evidence that the Sunday sales upon which evidence was introduced by the state and the defendant came within the exemptions set forth in Section 3773.24, Revised Code.

"4. The court erred in finding that the Sunday sale of milk and cream by The Lawson Milk Company and the defendant, as a Lawson Milk Company store manager, was not a work of necessity and within the exemptions set forth in Section 3773.24, Revised Code.

"5. The court erred in the admission of evidence material to the issues in the case offered by the state, and over the defendant's objection.

"6. The court erred in its refusal to admit evidence, material to the issues of the case offered by the defendant, to which defendant objected and excepted.

"7. The court erred in refusing to grant judgment in favor of defendant on motions made therefor by defendant at the end of the plaintiff's case and at the end of submission of all evidence in the case, to which defendant excepted.

"8. The court erred in overruling the motion of appellant (defendant below) for a new trial."

Section 3773.24, Revised Code, the statute upon which the conviction herein was based, says:

"No person, firm, or corporation shall engage in common labor or suffer or permit a building or place to be open for transaction of business, or require a person in his employ or under his control to engage in common labor or to open a building or place for the transaction of business on Sunday. In prosecutions under this section complaints shall be made within ten days after a violation.

"This section does not apply to work of necessity or charity, and does not extend to persons who conscientiously observe the seventh day of the week as the sabbath, and abstain thereon from doing things prohibited on Sunday.

"This section shall not apply to:

"(A) Traveling or the providing of services and commodities incidental thereto;

"(B) Recreation, sports, amusements, entertainment, or exhibitions or the providing of services and commodities incidental thereto;

"(C) Fairs held under the authority of the state or a political subdivision, or independent fairs, or the providing of services and commodities incidental thereto;

"(D) The operation of publicly owned places of entertainment, recreation, or education, by a public officer, concessionaire, exhibitor, or employees of all or any of them, or any other person, or the providing of services and commodities incidental thereto."

It is the contention of the appellant, Gilfether, that all the transactions conducted by him come within the exceptions set forth in the above statute; and further, that the sale of milk and milk products, such as cream, ice cream, cheese and cottage cheese, is a work of necessity, and hence specifically exempted from the operation of this statute.

It is therefore, in the application of this statute to the facts before us, that we direct our attention. There can be no question but that the statute is a constitutional and enforcible enactment of the legislature of Ohio. *State* v. *Kidd*, 167 Ohio St., 521. The constitutionality of Sunday closing statutes has also been determined in *McGowan et al*, v. *State of Maryland*, 81 Sup. Ct., 1101, 6 L. Ed. 2d, 393.

The statute here in question became effective on July 17, 1959, but it is almost the same statute that was discussed in the case of *State* v. *Kidd, supra.*

In the instant case the claim is made that the sale of milk and milk products is a necessity; first, because it is a food product produced by cows, and cows must be milked each day; second, because milk that is not fresh presents a health hazard; and third, milk for children is a food that is necessary in order

to promote health and physical fitness. It must be remembered that we are not concerned herein with the necessity of processing milk on Sunday, only the retail sale of such products to a consumer. The testimony is that milk must be refrigerated within two hours after milking, and may be kept for sale as refrigerated for a period of time exceeding 48 hours, even though it loses some of its freshness by reason of such delay of sale.

The evidence shows that Sunday home delivery of milk is not engaged in by the dairies in Lorain County. There is also evidence to show that the Lawson Milk Company, for whom Mr. Gilfether works, does not have sufficient storage space for more than one day's supply of milk which its producers send to the milk processing plant. It is also shown that it is economically unfeasible to enlarge the storage capacity or to dump the Sunday supply on the wholesale market.

In *State* v. *Kidd, supra,* the court, in discussing the phrase "work of necessity or charity," as found in Section 3773.24, Revised Code, there under review, said (at p. 524):

"It is to be noted that excepted from the operation of the statute in issue is 'work of necessity or charity.' Obviously, no fixed and unvarying definition of 'necessity' as used in the statute can be given. That term is an elastic one. Certainly, it does not mean that which is wholly indispensable, but it does mean something more than that which is merely needful, desirable or convenient. For example, it is hardly a necessity to open a place of business on Sunday to make available to a purchaser an article which in the exercise of reasonable foresight he could have bought on a preceding day. To escape the inhibitions of the statute, labor performed or work done must come within the statutory exceptions, and whether it does is ordinarily a question of fact largely dependent on the circumstances surrounding the particular case."

The sale of milk and milk products in the case before us is not a "necessity" within the terms of the statute alleged to be violated by Mr. Gilfether.

We next consider the matter of selling food products other than milk, and their relation to the statute alleged to be violated. All the forms signed by the patrons indicated that the reason they made the purchase was to use the product for one of the activities set up in the statute.

An analysis of the statute, however, does not indicate that a place of business may remain open on Sunday if it limits the sale of products to those who say they are going to use such purchased products for one of the purposes set out in the statute—to wit, recreation, sports, amusements, entertainment, or exhibitions.

We must remember, however, in this case, that there were many sales of products other than fluid milk and cream. Potato chips, pretzels, bread, and soft drinks and popsickles, cannot be designated milk products, and their sale cannot be classed as a "necessity."

The statute prohibits a person, firm or corporation from having a place of business open for the transaction of business, but the section does not apply to work of necessity or charity; and the section does not apply to certain services and commodities sold by such businesses as are designated in the statute, when such services and commodities are incidental to the conduct of the functions named in the statute. Thus, at baseball games and motion picture shows, which, under Section 3773.23, Revised Code, may be engaged in on Sunday afternoons, services may be performed, and commodities incidental thereto may be offered for sale. Persons conducting trap shooting on a Sunday afternoon, when conducted according to Section 3773.26, Revised Code, may sell products incidental to such an activity.

The sales made in the instant case were not incidental to the conduct of the business of recreation, sports, amusements, entertainment or exhibitions, but were made in the ordinary course of business by a commercial firm whose activities were not related to the principal exemptions set out in the statute.

The statute here in question, although seemingly in conflict with other statutes governing Sunday activities, nevertheless is explicit in directing its prohibition to the opening of a business place on Sunday unless such business to be conducted thereat is related to one of the exceptions contained in Section 3773.24, Revised Code. Thus, if the business is recreation, then "services and commodities incidental thereto" may be sold as though it were not a Sunday.

Notwithstanding seeming conflict, the legislative plan is plain; such plan is to compel a day of rest from work, permitting

only activities that are necessary, charitable, or recreational.

Where services and the sale of commodities are not incidental to operation of the excepted business, commercial transactions cannot be engaged in on Sunday. The maintenance of a milk depot or food store on Sunday is in no way a recreation, sport, amusement, entertainment or exhibition, or one of the other exemptions set out in the law; and hence one who opens such commercial enterprise is guilty of the offense designated by the legislature of Ohio.

We determine, therefore, herein that, since the sale of milk and milk products is not a necessity under the Sunday closing law, and the sale of the articles shown to have been purchased herein was not incidental to the business of recreation, sports, amusements, entertainment or exhibitions, as set forth in the statute, the judgment of guilty must be affirmed.

We have examined all of the claimed errors herein, and find none prejudicial to the substantial rights of the appellant.

Judgment affirmed.

STEVENS, P. J., and DOYLE, J., concur.